UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA BRITTANY,<br><br>Plaintiff,<br><br>v.<br><br>DOCO WESTFIELD MALL, 405 K ST,<br><br>Defendant. | No. 2:24-cv-3394-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned on December 5, 2024. ECF No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The motion to proceed IFP, ECF No. 2, will be denied. Additionally, Plaintiff is advised that the Complaint fails to establish federal jurisdiction and fails to state a claim.

### I.   LEGAL STANDARD

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from

1

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

1  state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
2  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
4  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
5  to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
6  *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.   COMPLAINT AND MOTION

8  Plaintiff's Complaint names the DOCO Westfield Mall, 405 K St, as a Defendant and
9  asserts federal question jurisdiction based on "sexual harassment and 24-hour abduction[.]" ECF
10  No. 1 at 3-4. It also asserts diversity jurisdiction because it seeks $6.5 million in damages,
11  despite asserting that both parties are California citizens. *Id.* at 4-5.

12  The Complaint alleges that on an unspecified date, Plaintiff's son, Anthony Brittany, "was
13  sexually harassed and abducted for 24 hours[.]" *Id.* at 7. It further alleges that at the time, he was
14  employed by Defendant as both a social worker and ground maintenance. *Id.* at 8. Mr. Brittany
15  was allegedly pushed into the corner of an elevator, brutally attacked, and had his wallet stolen by
16  an unknown employee. *Id.* at 7. Plaintiff and her son did seek and obtain some compensation
17  from the State of California. *Id.* Nevertheless, they now seek $6.5 million "and defendant to be
18  arraigned and arrested" based on this "tort claim habeas corpus filing." *Id.* at 5-6.

19  Plaintiff's motion asserts that she has annual take-home wages of $91,604, plus income
20  from both an inheritance in the past year and "Social Security Disability…and Social Security
21  Supplement." ECF No. 2 at 1. She has $139,000 in a Bank of America account and $109,000 in
22  a Wells Fargo account. *Id.* at 2. She pays $1,055 in monthly rent, $350 in utilities, and $129 in
23  monthly Verizon bills. *Id.* All her children are adults, some with children of their own, and
24  Plaintiff does not indicate she contributes anything to their support. *Id.*

## III.   ANALYSIS

26  Plaintiff's application to proceed *in forma pauperis* fails to demonstrate any financial
27  burden. ECF No. 2. She reports income of over $7,500 per month in wages alone, other assets
28  besides, and monthly expenditures of less than $1,600 per month. *Id.* Plaintiff has not

1  demonstrated that she does not have the resources to pay filing fees in this action. *See* 28 U.S.C.
2  § 1915(a)(1). Leave to proceed *in forma pauperis* is denied.

3        While the Court will not screen Plaintiff's Complaint because it is denying her motion to
4  proceed IFP, Plaintiff is advised that her Complaint fails to establish federal jurisdiction and fails
5  to state a claim upon which relief can be granted. The Complaint alleges the Court has both
6  federal question and diversity jurisdiction over the matter, but the pleadings suggest otherwise.
7  ECF No. 1 at 3. Diversity jurisdiction exists when the plaintiff and defendants are "citizens of
8  different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff
9  seeks millions in damages but admits that Plaintiff and Defendant are both California citizens.
10 ECF No. 1 at 4-5.

11       Federal question jurisdiction exists when the cause of action "aris[es] under the
12 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges that her
13 son was abducted, beaten up, knocked unconscious, and sexually harassed for 24 hours before
14 being found in an elevator on Defendant's premises. ECF No. 1 at 5, 7. When asked what
15 "specific federal statutes" apply to this case, Plaintiff simply replies "[s]exual harassment and 24-
16 hour abduction". *Id.* at 4. These involve state law causes of action and do not appear to provide a
17 basis for federal question jurisdiction.

18       The factual allegations as to these causes of action are also insufficient to state a plausible
19 claim. Plaintiff does not explain why she has standing to bring this action based on her son's
20 grievances, particularly as her IFP motion admits all her children are adults. ECF No. 2 at 2. The
21 Complaint fails to identify who attacked her son and to adequately explain why Defendant was
22 responsible. *See* ECF No. 1 at 7-8. That Plaintiff's son was an employee, even in two capacities,
23 is not enough to give rise to liability. *Id.* Plaintiff also asks for the Defendant to be
24 "arraigned…and arrested" and refers to this as a "habeas corpus filing[,]" despite filing a civil
25 action that does not involve any prisoners. *Id.* at 5.

26       If Plaintiff decides to pay the filing fee in this case, Plaintiff may also wish to file an
27 amended complaint addressing these problems. Plaintiff may also elect to voluntarily dismiss this
28 action.

4

### IV.  AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  Forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.  PRO SE PLAINTIFF SUMMARY

The magistrate judge denying your motion to proceed *in forma pauperis*, without paying the requisite filing fees.  The magistrate judge further notes that the Complaint is deficient as to, *inter alia*, Plaintiff's standing, federal causes of action and jurisdiction, and Defendant's liability.

You can object to this recommendation in writing within 14 days. The District Judge will consider your objections and make a final decision.

## V.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) be DENIED.
2. Within twenty-one (21) days of the date of this Order, Plaintiff either pay the filing fee of $405 to the Clerk of the Court, or file a document voluntarily dismissing this case. Any voluntary dismissal would be without prejudice to Plaintiff filing a new case concerning the same subjects in this Court or another court. If Plaintiff fails to pay the filing fee, this action will be summarily dismissed.

DATED: May 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE